UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MIGUEL CORREA, :
:
Plaintiff, :
: 24-CV-6224 (RA) (RWL)
- against - :
:
DPV TRANSPORTATION INC. and DPV : **ORDER**
TRANSPORTATION WORLDWIDE LLC, :
:
Defendants. :
:
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On October 18, 2024, Plaintiff obtained certificates of default by the defendants. Plaintiff has not yet moved for default judgment. Accordingly, if Plaintiff intends to move for default judgment, by January 31, 2025, he shall file the requisite papers required by Judge Abrams's individual rules (Attachment A). Failure to file a motion for default judgment by that time may result in dismissal of the case for failure to prosecute.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2025
    New York, New York

Copies transmitted this date to all counsel of record.

1

# ATTACHMENT A

January 16, 2025

**INDIVIDUAL RULES & PRACTICES IN CIVIL CASES**
**RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE**

| **Chambers** | **Courtroom** |
|---|---|
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| 40 Foley Square, Room 2203 | 40 Foley Square, Courtroom 1506 |
| New York, NY 10007 | Allison Cavale, Courtroom Deputy |
| (212) 805-0284 | (212) 805-0162 |

**Unless otherwise ordered by Judge Abrams, these Individual Practices apply to all civil matters except for civil *pro se* cases.**

1. **Communications with Chambers**

    A. **Letters.** Except as otherwise provided below, communications with the Court shall be by letter, filed electronically on ECF. Parties should **not** submit courtesy copies of letters filed on ECF.

    Letters containing sensitive or confidential information that cannot be filed on ECF in accordance with the procedures set forth in Paragraph 5 below may be emailed to the Court (Abrams_NYSDChambers@nysd.uscourts.gov) as a text-searchable .pdf attachment with a copy simultaneously delivered to all counsel. Any such email shall state clearly in the subject line: (1) the caption of the case, including the lead party names and docket number, and (2) a brief description of the contents of the letter. Parties shall not include substantive communications in the body of the email; such communications shall be included only in the body of the attached letter. Unless the Court orders otherwise, letters may not exceed five (5) pages in length.

    Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

    B. **Telephone Calls.** For docketing, scheduling, and calendar matters, call Chambers at (212) 805-0284.

    C. **Faxes.** Faxes to Chambers are permitted only with prior authorization. In such situations, faxed submissions must clearly identify the person in Chambers who authorized the sending of the fax, and copies must be simultaneously faxed, emailed, or delivered to all counsel.

    D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions. (If such request contains sensitive or confidential information, it may be submitted by email and served on opposing counsel.) The letter-motion must state: (1) the original due date, (2) the number of previous requests for adjournments or extensions of time, (3) whether

1

     these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be included. If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least 48 hours prior to the scheduled appearance.

    E. **Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing, as well as the docket number of the case to which it is related (e.g., 11 Civ. 1234 [rel. 10 Civ. 4321]).

2. **Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within two (2) months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be made available on ECF and the plaintiff's counsel will be responsible for distributing copies to all parties. This Notice will direct the parties to submit on ECF a proposed Civil Case Management Plan and Scheduling Order and letter to the Court one week prior to the conference date. In accordance with the Electronic Case Filing Rules and Instructions, counsel are required to register as ECF filers and enter an appearance in the case before the initial pretrial conference. The pertinent instructions are available on the Court website at https://nysd.uscourts.gov/electronic-case-filing.

3. **Discovery Disputes.** The parties shall follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file on ECF a letter-motion to the Court, no longer than three (3) pages, explaining the nature of the dispute and requesting an informal conference. The letter-motion must include a representation that the meet-and-confer process occurred and was unsuccessful.

    If the opposing party wishes to respond, it must call Chambers within one (1) business day to advise that a responsive letter will be forthcoming, and its response shall be by letter to the Court not exceeding three pages within three (3) business days of the filing of the original letter-motion.

4. **Motions**

    A. **Memoranda of Law.** The formatting and length of motion papers must conform to Local Civil Rule 7.1 (or, in the case of a motion for reconsideration, Local Civil Rule 6.3). Per Local Civil Rule 7.1, memoranda of law in support of and in opposition to motions (except for motions for reconsideration) may not exceed 8,750 words, and reply briefs may not exceed 3,500 words. These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes. The party must also provide a certificate of compliance as required by Local Civil Rule 7.1(c). Memoranda of 3,500 words or more shall contain a table of contents and a table of authorities, and shall conform to Local Civil Rule 11.1. Sur-reply memoranda will not be accepted without prior permission of the Court.

B. **Courtesy Copies.** Courtesy copies are not required unless the motion includes numerous exhibits and/or a voluminous record. Under such circumstances, one courtesy copy of all motion papers, marked as such, should be submitted to the Court by the movant at the time the reply is served, in accordance with the SDNY policies regarding mail deliveries.

C. **Motions to Dismiss.** When a motion to dismiss is filed, the non-moving party must, within fourteen (14) days of receipt of the motion, notify the Court and its adversary in writing whether (i) it intends to file an amended pleading and when it shall do so, or (ii) it will rely on the pleading being attacked. This Rule does not alter the time to file a response provided by the Federal and Local Rules. If the plaintiff amends its pleading, any pending motion to dismiss is rendered moot, but the moving party may renew and refile its motion to dismiss based on the amended pleading.

D. **Motions for Summary Judgment.** Except in *pro se* cases, the moving party shall provide all other parties with an electronic copy, in Word format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1. The opposing party must reproduce each entry in the moving party's Rule 56.1 Statement, admit or deny each entry, and set out its response directly beneath it. If the opposing party wishes to file its own, additional statement of material facts, it shall begin numbering each entry where the moving party left off.

E. **Letter-Motions.** Letter-motions filed via ECF must comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions." In particular, all requests for adjournments, extensions, and pre-motion conferences with respect to discovery disputes should be filed as letter-motions.

F. **Default Judgments.** A plaintiff seeking a default judgment must proceed by way of a motion pursuant to the procedure set forth in Attachment A.

G. **Oral Argument on Motions.** Parties may request oral argument at the time they file their moving, opposing, or reply papers. They may do so by filing on ECF a letter specifically requesting oral argument. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

5. **Other Pretrial Guidance**

   A. **Redactions and Filing Under Seal.**

      i. **Redactions Not Requiring Court Approval.** The parties are referred to Rule 5.2 of the Federal Rules of Civil Procedure and the Southern District's ECF Privacy Policy ("Privacy Policy"). There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution." Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., Social Security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the

3

City and State]). Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

ii. **Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by the previous Paragraph, **all redactions or sealing of public court filings require Court approval.** To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing, and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

iii. **Procedures for Filing Sealed or Redacted Documents.** Any party seeking to file a document under seal or in redacted form shall proceed as follows:

   a. **Meet and Confer.** The party seeking leave to file sealed or redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three (3) days, a letter explaining the need to seal or redact the document.

   b. **Sealed Document(s).** The party shall electronically file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. [Electronic Case Filing Rules and Instructions](#). The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, including why the request to seal is consistent with the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and should not include confidential information. The proposed sealed document shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, the summary docket text should not include confidential information sought to be filed under seal.

      c. **Redacted Document(s).** Where a party seeks leave to file a document in redacted form, the party shall electronically file a letter-motion seeking leave to file a document in redacted form on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. [Electronic Case Filing Rules and Instructions](). The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, including why the request for redaction is consistent with the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and should not include confidential information. At the same time, the party shall (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

      d. **Submission by E-Mail.** Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by e-mail, in accordance with Paragraph 1(A) above, seeking leave of the Court to file in a different manner.

B. **Settlement Agreements.** The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court retain jurisdiction to enforce a settlement agreement, the parties must place the terms of their agreement on the public record. The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

C. **Bankruptcy Appeals.** Briefs must be submitted in accordance with Fed. R. Bankr. P. 8015–18. Counsel may seek to extend these dates by joint request submitted to the Court no later than two business days before the brief is due.

6. **Trial Submissions**

    A. **Joint Pretrial Order.** Unless otherwise specified by the Court, within thirty (30) days after the close of discovery or if any dispositive motion is filed, within thirty (30) days from the Court's decision on such motion, the parties shall submit a proposed joint pretrial order by email to Abrams_NYSDChambers@nysd.uscourts.gov. The proposed joint pretrial order shall include the information required by Fed. R. Civ. P. 26(a)(3) and the following:

      i. the full caption of the action;

      ii. the names, law firms, addresses, and telephone numbers of trial counsel;

      iii. a statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

    iv.    a statement as to the number of trial days needed and as to whether the case is to be tried with or without a jury;

    v.    a brief statement by the plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    vi.    a brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter;

    vii.    any stipulations or agreed statements of fact or law to which all parties consent;

    viii.    a list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

    ix.    a designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party;

    x.    a list by each party of exhibits to be offered in its case in chief, with an indication by exhibit number as to whether any party objects to the exhibit. The party objecting must include a brief statement that makes clear the basis for its objection and provide any necessary supporting authority;

    xi.    a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

    xii.    a statement of whether the parties consent to less than a unanimous verdict.

B. **Additional Required Pretrial Filings in Jury Cases.** At the time the joint pretrial order is filed in a jury case, the parties shall:

    i.    file and serve motions addressing any evidentiary issues or other matters which should be resolved *in limine*;

    ii.    file and serve a pretrial memorandum of law, when a party believes it would be useful to the Court;

    iii.    file joint proposed *voir dire* questions, a verdict form, and jury instructions. These joint submissions shall consist of single documents, jointly composed, noting any areas of disagreement between the parties. The *voir dire* questions and jury instructions shall include both the text of any requested question or instruction as well as a citation, if available, to the authority from which it derives. These

      documents should also be submitted by email to Chambers in Word format; and

    iv.    submit to the Court and serve on opposing counsel, but not file on ECF, all documentary exhibits. Exhibits should be submitted to the Court both in hard copy and by email to Abrams_NYSDChambers@nysd.uscourts.gov.

**C. Additional Required Pretrial Filings in Non-Jury Cases.** At the time the joint pretrial order is filed in a non-jury case, the parties shall:

    i.    file and serve motions addressing any evidentiary issues or other matters which should be resolved *in limine*;

    ii.    file and serve a pretrial memorandum of law, when a party believes it would be useful to the Court;

    iii.    file and serve proposed findings of fact and conclusions of law. The proposed findings of fact must be detailed and include citations to the proffered trial testimony and exhibits. These documents should also be submitted by email to Abrams_NYSDChambers@nysd.uscourts.gov in Word format;

    iv.    submit to the Court and serve on opposing counsel, but not file on ECF, copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits shall be brought to trial to be marked as exhibits;

    v.    submit to the Court and serve on opposing counsel, but not file on ECF, all deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

    vi.    submit to the Court and serve on opposing counsel, but not file on ECF, all documentary exhibits. Exhibits should be submitted to the Court both in hard copy and by email to Abrams_NYSDChambers@nysd.uscourts.gov.

**D. Filings in Opposition.** Any party may file the following documents in opposition. These documents shall be filed no later than one (1) week after the filing of the pretrial order or one (1) week before the scheduled trial date, whichever comes first:

    i.    objections to another party's requests to charge or proposed *voir dire* questions;

    ii.    opposition to any motion *in limine*; and

    iii.    opposition to any legal argument in a pretrial memorandum.

E. **Courtesy Copies.** Two courtesy copies of all documents identified in Sections 6(A)–(D) above shall be submitted to Chambers on the date on which they are to be served or filed. Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

F. **Exhibits.** All exhibits must be pre-marked in advance of trial. If counsel intend to distribute copies of documentary exhibits to the jury, they are to make a separate copy for each juror. Counsel shall make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk is not responsible for them.

7. **Policy on the Use of Electronic Devices**

    A. **Mobile Phones and Personal Electronic Devices.** Attorneys' use of mobile phones and other personal electronic devices within the Courthouse and its environs is governed by Standing Order M10-468. Any attorney wishing to bring a telephone or other personal electronic device into the Courthouse must be a member of this Court's Bar, must obtain the necessary service pass from the District Executive's Office, and must show the service pass upon entering the Courthouse. **Mobile phones are permitted inside the Courtroom, but must be kept turned off at all times**. Non-compliance with this rule will result in forfeiture of the device for the remainder of the proceedings.

    B. **Computers, Printers, or Other Electronic Equipment.** In order for an attorney to bring into the Courthouse any computer, printer, or other electronic equipment not qualifying as a "personal electronic device," specific authorization is required by prior Court Order. Any party seeking to bring such equipment into the Courthouse shall submit an Electronic Device Order, available at https://nysd.uscourts.gov/sites/default/files/2018-06/standing-order-electronic-devices.pdf, to Chambers at least 10 business days in advance of the relevant trial or hearing requesting permission to use such equipment. The request letter shall identify the type(s) of equipment to be used and the name(s) of the attorney(s) who will be using the equipment. Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel. The Order must be shown upon bringing the equipment into the Courthouse.

## **ATTACHMENT A**

### DEFAULT JUDGMENT PROCEDURE

1. A plaintiff seeking a default judgment must proceed by filing on ECF a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2. A plaintiff seeking a default judgment should *not* proceed by order to show cause.

2. Before seeking a default judgment, a plaintiff must seek the entry of default under Fed. R. Civ. P. 55(a) by filing a "Request to Enter Default" and other supporting papers consistent with Local Civil Rule 55.1.

3. The motion for default judgment must be supported by the following papers:

    A. An attorney's affidavit setting forth:

        i. the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        ii. the procedural history beyond service of the summons and complaint, if any;

        iii. whether the Clerk of Court has entered default under Local Civil Rule 55.1;

        iv. whether the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521;

        v. if the party against whom judgment is sought is a minor or an incompetent person, whether they are represented by a general guardian, conservator, or other fiduciary who has appeared;

        vi. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

        vii. a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

        viii. legal authority for why an inquest into damages would be unnecessary.

    B. A proposed order to show cause.

    C. A proposed default judgment.

    D. Copies of all of the pleadings.

    E. A copy of the affidavit of service of the summons and complaint.

      F.    A certificate of service stating that all documents in support of the request for default judgment, including the "Clerk's Certificate of Default" and any papers required by Local Civil Rule 55.2, have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought. If the mailing is returned, a supplemental certificate of service must be filed setting forth that fact, together with the reason provided for return, if any.

      G.    A Certificate of Default from the Clerk of Court.

4. The Court will review the motion for default judgment and, if appropriate, issue an order setting a date and time for a default judgment hearing.

5. If the Court issues such an order, the plaintiff should be prepared to serve on the defendant (a) a conforming copy of the motion and supporting papers and (b) the Court's order setting the date and time for the default judgment hearing.

6. Prior to the hearing date, the plaintiff must file on ECF proof of service in the manner and by the date specified by the Court's order setting the default judgment hearing.